THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America | Cr. No. 3:16-00342-CMC |
| v. | |
| RICHARD LEE SOLOMON, | **OPINION and ORDER** |
| Defendant. | |

Acting *pro se*, Richard Lee Solomon ("Solomon") filed the instant motion on Form AO 243—Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody (Rev. 09/17). Liberally construing its content, as we must, *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012), Solomon challenges as invalid under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), his guilty plea and conviction for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). ECF Nos. 44, 44-1, 44-2. The Government responded by filing a motion for summary judgment. ECF Nos. 59, 59-1. Solomon filed a reply before and after receiving a copy of the Government's motion for summary judgment. ECF Nos. 62, 66, 66-1. This matter is ripe for resolution.

**I. Procedural Background**

On May 3, 2016, a federal grand jury returned an indictment ("the Indictment"), charging Solomon with a single count of being a felon in possession of a firearm, specifically charging:

> That on or about December 9, 2015, in the District of South Carolina, the Defendant, RICHARD LEE SOLOMON, having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce, a firearm, that is a Ruger, .9 mm handgun, and .9 mm ammunition, all of which had been shipped and transported in interstate and foreign commerce;

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 924(e).

ECF No. 3 at 1.

On February 22, 2017, Solomon pled guilty to Count 1 of the Indictment without the benefit of a plea agreement. ECF Nos. 33, 42 at ¶ 85, 58 at 7. During the plea colloquy, the Government gave the following recitation of facts it would be able to show if Solomon elected to go to trial:

> [O]n December 9th, 2015, the Columbia Police Department observed Mr. Solomon and three unknown individuals trespassing on railroad tracks. Officers made contact with Mr. Solomon and arrested him for trespass on a railroad track.
>
> In a search incident to arrest, a Ruger 9-millimeter pistol, serial number 30813583 was found [in his waist] band. It was loaded. Additionally, were we to go to trial, we would be able to show through Nexis experts that the Ruger 9-millimeter was manufactured out of the state of South Carolina, as well as the ammunition.
>
> In addition to that, the government would be able to show that Mr. Solomon before December 9th, 2015, was convicted of a crime punishable by imprisonment of more than one year and had not received any restoration of civil rights through a pardon or otherwise.

ECF No. 58 at 18. Following the Government's factual recitation, Solomon answered questions by the court, affirmatively admitting: (1) as of December 9, 2015, "[he] had previously been convicted of a crime that could have been punished by imprisonment for over one year"; (2) on or about December 9, 2015, he was in knowing, intentional, and voluntary possession of the firearm and ammunition as described by the Government; and (3) the firearm and ammunition were manufactured outside South Carolina. *Id.* at 19–20.

After the court confirmed Solomon understood all the court had gone over, he pled guilty to Count 1. ECF Nos. 33, 58 at 20. Notably, in conducting the plea colloquy on Count 1, the court followed then current law and did not advise Solomon knowledge he had been convicted of a crime

2

punishable by imprisonment exceeding one year at the time he possessed the firearm and ammunition at issue was an element of the offense. *See United States v. Langley*, 62 F.3d 602, 604–08 (4th Cir. 1995) (*en banc*) (holding defendant's knowledge of his felony status is not essential element of offense under §§ 922(g)(1) and 924(a)(2)), *abrogated by Rehaif*, 139 S. Ct. at 2194.

A Pre-Sentence Investigation Report ("the PSR") set forth all information necessary to calculate Solomon's advisory sentencing range under the United States Sentencing Guidelines ("USSG" or "the Guidelines"). [1] ECF No. 42. The PSR calculated Solomon's total offense level at twenty-three and his criminal history category at VI, producing an advisory sentencing range under the Guidelines of 92 to 115-months imprisonment. *Id.* at ¶¶ 30–31, 56, 83. Notably, by pleading guilty, Solomon received a three-level decrease in his total offense level for acceptance of responsibility. *Id.* at ¶¶ 54–55. Without this decrease, Solomon's advisory sentencing range would have been 120 months imprisonment (due to statutory cap). ECF No. 42 at ¶ 82; USSG Ch. 5, Pt. A (Sentencing Table) (2016).

With respect to Solomon's criminal history, the PSR reported he had been convicted of the following crimes punishable by imprisonment for a term exceeding one year and for which he was actually sentenced to a term of imprisonment exceeding one year: (1) an October 2007 South Carolina state court conviction for possession with intent to distribute cocaine base, for which he was sentenced to three-years imprisonment, ECF No. 42 at ¶ 22; (2) an unrelated October 2007

---

[1] Solomon was sentenced under the 2016 Guidelines Manual, effective November 1, 2016, which remained in effect through October 31, 2018. ECF No. 42 at ¶ 44.

South Carolina state court conviction for possession with intent to distribute cocaine base, for

which he was sentenced to two and one-half years imprisonment, *id.* at ¶ 19; (3) a December 2009

South Carolina state court conviction for assaulting a police officer while resisting arrest, for which

he was sentenced to three-years imprisonment with credit for time served from September 20,

2008, *id.* at ¶ 23; and (4) a September 2015 conviction for failing to register as a sex offender,

second offense, for which he was sentenced to one-year plus one day imprisonment with credit for

180 days in jail, *id.* at ¶ 28.  Notably, with respect to Solomon's December 2009 conviction for

assaulting a police officer while resisting arrest, Solomon served nearly two years of his three-year

sentence of imprisonment in addition to the credit he received for time served from September 20,

2008.  *Id.* at ¶ 23.

In support of the Government's motion for summary judgment on Solomon's § 2255

motion, the Government submitted a copy of the South Carolina Department of Corrections' form

Solomon signed upon his release from the South Carolina Department of Corrections just two

months prior to his offense conduct.  ECF No. 59-2.  The heading of the document is "GUN

CONTROL ACT OF 1968." *Id.* at 1.  In relevant part, the document warned Solomon: (1) part of

the Gun Control Act of 1968 makes it "UNLAWFUL" for a person who has been convicted in any

court of a crime punishable by imprisonment for a term exceeding one year "to receive any firearm

or ammunition which has been shipped or transported in interstate or foreign commerce," (2) "if

the sentence you are finishing was the result of a conviction for a <u>FELONY</u> for which the

punishment that might have been given was greater than one (1) year, the <u>Gun Control</u> Act applies

to you"; and (3) "It makes no difference how long you actually served if the maximum time you

could have received was greater than the one (1)" year.  "For example, if you are sentenced to one

4

(1) year suspended upon the service of six (6) months, but the maximum you could have received was three (3) years, THE ACT APPLIES TO YOU." *Id.* By signing at the conclusion of the document, Solomon acknowledged he "ha[d] been read and given a copy of the Gun Control Act of 1968" and he was "aware of and understood how this Act applie[d] to [him]." *Id.* An employee of the South Carolina Department of Corrections signed the form as a witness to Solomon's signature. *Id.*

With one exception irrelevant here, Solomon raised no objections to the PSR, ECF No. 37-2. On May 24, 2017, the court sentenced him to 92 months imprisonment and three-years supervised release. ECF Nos. 38, 39. Solomon did not file a direct appeal.

Within one year of the Supreme Court's June 21, 2019 decision in *Rehaif*, 139 S. Ct. at 2191, Solomon filed the instant § 2255 motion on May 18, 2020, pressing a *Rehaif* claim. ECF No. 44. In response, the Government moved for summary judgment, urging the court to deny the motion. ECF Nos. 59, 59-1. The Government concedes Solomon's § 2255 motion is timely and "accepts" *Rehaif* provides a new substantive rule which is retroactive on collateral review because the rule narrows the class of persons the law punishes. ECF No. 59-1 at 7. *See Schriro v. Summerlin*, 542 U.S. 348, 351–53 (2004) (new substantive rule which "alters the range of conduct or the class of persons that the law punishes," falls outside general bar on retroactivity). Solomon filed a reply before and after receiving a copy of the Government's motion for summary judgment. ECF Nos. 62, 66, 66-1.

## II. Solomon's *Rehaif* Claim

In relevant part, § 924(a)(2) provides: "Whoever knowingly violates subsection [(g)] of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both."

18 U.S.C. § 924(a)(2).  Always beginning with the word "who," subsection (g) of § 922 in turn

has nine subsections listing nine different statuses making it "unlawful" for a person "to ship or

transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or

ammunition; or to receive any firearm or ammunition which has been shipped or transported in

interstate or foreign commerce." *Id.* § 922(g).  Among the nine statuses listed in § 922(g) are "any

person": (1) "who has been convicted in any court of, a crime punishable by imprisonment for a

term exceeding one year," *id.* § 922(g)(1); (2) "who has been adjudicated as a mental defective or

has been committed to a mental institution," *id.* § 922(g)(4); or (3) "who, being an alien--(A) is

illegally or unlawfully in the United States," *id.* § 922(g)(5).

In *Rehaif*, a jury convicted the petitioner-defendant ("Rehaif") of being an alien unlawfully

in the United States in possession of firearms, in violation of §§ 922(g)(5) and 924(a)(2).  139 S.

Ct. at 2194.  At trial, Rehaif objected to the court's jury instruction "that the 'United States is not

required to prove' that Rehaif 'knew that he was illegally or unlawfully in the United States,'" at

the time he possessed the firearms as alleged in the indictment.  *Id.*  The court overruled the

objection, the jury convicted Rehaif, and the court sentenced him to eighteen-months

imprisonment.  *Id.*  Rehaif appealed, challenging the instruction, but the Eleventh Circuit affirmed.

*Id.* at 2195.  The Supreme Court granted *certiorari*.  *Id.*

The *Rehaif* Court posed the question to be answered as follows: "Does [the word

'knowingly' in § 924(a)(2)] mean that the Government must prove that a defendant knew both that

he engaged in the relevant conduct (that he possessed a firearm) and also that he fell within the

relevant status (that he was a felon, an alien unlawfully in this country, or the like)?"  *Id.* at 2194.

In the immediately following sentence, the Court answered the question by holding "the word

6

'knowingly' applies both to the defendant's conduct and to the defendant's status.  To convict a

defendant, the Government therefore must show that the defendant knew he possessed a firearm

and also that he knew he had the relevant status when he possessed it."  *Id.*  In its conclusion, the

*Rehaif* Court restated its holding as follows: "[I]n a prosecution under 18 U.S.C. § 922(g) and §

924(a)(2), the Government must prove both that the Defendant knew he possessed a firearm and

that he knew he belonged to the relevant category of persons barred from possessing a firearm."[2]

*Id.* at 2220.

### A. Scope of a Defendant's Knowledge as Required by *Rehaif*.

Before proceeding further in addressing Solomon's *Rehaif* claim, the court must address a

threshold question regarding the scope of a defendant's knowledge as required by *Rehaif* in a

prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2).  According to Solomon, the court failed to

inform him of two essential elements of the offense—(1) at the time he possessed the firearm and

ammunition as alleged in the Indictment, he knew he had been convicted of a crime punishable by

a term of imprisonment exceeding one year, and (2) at the same time, he knew the unlawfulness

of possessing a firearm or ammunition as a convicted felon.  ECF Nos. 62 at 8, 66 at 5–7, 66-1 at

2.  The Government agrees, per *Rehaif*, a defendant's knowledge of his relevant status (that he was

a felon, an alien unlawfully in this country, or the like) at the time he possessed the firearm and/or

ammunition at issue is an element of an offense under §§ 922(g) and 924(a)(2).  ECF No. 59-1 at

---

[2] Citing *Langley*, 62 F.3d at 602, the Fourth Circuit first recognized in *United States v. Lockhart*, 947 F.3d 187 (4th Cir. 2020), "[t]he [Supreme] Court's holding in *Rehaif* abrogated the prior precedent of this Circuit, which did not require proof of a defendant's knowledge that he belonged to the relevant category." *Lockhart*, 947 F.3d at 196.

2, 9–10.  However, the Government disputes the defendant's knowledge that his relevant status placed him in a category of persons prohibited from possessing firearms or ammunition is also an element of the offense.  ECF No. 59-1 at 10–11.  This is so, the Government argues, because a defendant's knowledge of the unlawfulness of his action is "a burden normally reserved for statutes requiring proof of 'willfulness.'"  *Id.  See Bryan v. United States*, 524 U.S. 184, 191–92 (1998) (reiterating general rule a defendant can be convicted of a "knowing" crime without proof he knew his conduct was unlawful, but cannot be convicted of a "willful" crime without proof he knew his conduct was unlawful), *id.* at 193 ("unless the text of the statute dictates a different result, the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense").  *Cf. Cheek v. United States*, 498 U.S. 192, 199 (1991) (reiterating willfulness for purposes of criminal tax laws requires Government to prove the law imposed a duty on defendant, defendant knew of the duty, and defendant voluntarily and intentionally violated such duty).

Thus, the threshold dispute between Solomon and the Government is whether, per *Rehaif*, a defendant's knowledge that his relevant status placed him in a category of persons prohibited from possessing a firearm or ammunition at the time of his alleged unlawful possession of such items is an element of an offense under §§ 922(g) and 924(a)(2).  In *United States v. Jackson*, this court recently resolved the same dispute, holding "the scope of a defendant's knowledge as required by *Rehaif* does not extend beyond the defendant's status under §§ 922(g) and 924(a)(2), and thus does not require the Government to prove he also knew such status put him in a category of persons legally prohibited from possessing a firearm or ammunition."  2021 WL 694848, at *6–9 (D.S.C. Feb. 23, 2021).  Thus, for the reasons set forth in *Jackson*, the court will proceed to address Solomon's *Rehaif* claim in accord with this holding.

8

### B. The Government's Motion for Summary Judgement.

Here, the Government moved for summary judgment in its favor because: (1) Solomon procedurally defaulted his *Rehaif* claim by failing to raise it on direct review; (2) Solomon cannot demonstrate cause and prejudice to excuse his default; and (3) Solomon cannot demonstrate his actual innocence to excuse his default. ECF No. 60-1. Solomon bears the burden of proving his grounds for collaterally attacking his guilty plea and conviction by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

### 1. Solomon Procedurally Defaulted his *Rehaif* Claim.

The court agrees with the Government that under binding Supreme Court precedent Solomon procedurally defaulted his *Rehaif* claim on collateral review by failing to challenge on direct review the constitutional validity of his guilty plea to and conviction on Count 1 on the basis the court misinformed him about the elements of the offense. *Bousley v. United States*, 523 U.S. 614, 621–23 (1998) (holding defendant who failed to challenge on direct review constitutional validity of guilty plea to federal offense on basis court misinformed him about elements of the offense procedurally defaulted the claim on collateral review). The general rule on collateral review is a defendant's procedural default may be excused, thus allowing the court's consideration of his claim on the merits, if the defendant can show either cause for the default and resulting prejudice or his actual innocence. *Id.* at 622; *United States v. Fugit*, 703 F.3d 248, 253–54 (4th Cir. 2012). Thus, the court may consider Solomon's *Rehaif* claim on the merits on collateral review only if he can first demonstrate either cause for the procedural default and resulting prejudice or that he is actually innocent of violating §§ 922(g)(1) and 924(a)(2), as alleged in Count 1.

9

### 2. Solomon Has Not Demonstrated Cause.

Having concluded Solomon procedurally defaulted his *Rehaif* claim on collateral review, the court now turns to consider whether he has demonstrated cause for failing to raise such a claim on direct review. "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999).

### (i) Novelty and Futility.

Solomon contends he has demonstrated cause for his procedural default because, at the time of his guilty plea, the court, his attorney, himself, and the Government all operated under the incorrect belief his knowledge of his relevant status (*i.e.*, that he previously had been convicted of a crime punishable by a term exceeding one year) at the time he possessed the firearm and ammunition as alleged in Count 1 was not an element of an offense under §§ 922(g)(1) and 924(a)(2). ECF No. 66 at 4. Liberally construing Solomon's contention, the court understands Solomon to be asserting cause on the grounds of novelty, futility, or both.

Neither ground demonstrates cause here. Binding precedent at the time of Solomon's guilty plea hearing did not require the knowledge-of-status element in a prosecution under §§ 922(g)(1) and 924(a)(2). *See Langley*, 62 F.3d at 604–08 (holding defendant's knowledge of his felony status is not an essential element of offense under §§ 922(g)(1) and 924(a)(2)). To the extent Solomon suggests this binding precedent prevented his counsel from raising a *Rehaif*-type claim on the basis of novelty or futility, and thus, serves to establish cause in a cause and prejudice analysis, this court rejected novelty and futility as grounds for cause in *United States v. Asmer*, 2020 WL at 6827829, at *5–7 (D.S.C. Nov. 20, 2020) (relying on *Bousley* and *United States v.*

10

*Sanders*, 247 F.3d 139 (4th Cir. 2001) to reject § 2255 movant's argument novelty and futility of raising *Rehaif*-type claim demonstrated cause for failure to raise it on direct review), *appeal filed*, No. 21-6064 (4th Cir. Jan. 11, 2021).  *See also Jackson*, 2021 WL 694848, at *10 (holding, in context of § 2255 motion, defendant did not demonstrate cause to excuse his failure to raise *Rehaif*-type claim on direct review because no objective external impediments prevented him from doing so); *Wilson v. United States*, 2020 WL 4950930, at *8 (W.D.N.C. Aug. 24, 2020) (holding, in context of § 2255 motion, defendant could not demonstrate cause for failure to raise *Rehaif*-type claim on direct review), *appeal filed*, No. 20-7436 (4th Cir. Sep. 28, 2020); *United States v. Battle*, 2020 WL 4925678, at *5–6 (W.D. Penn. Aug. 21, 2020) (same), *appeal filed*, No. 20-2726 (3d Cir. Aug. 25, 2020); *United States v. Vasquez-Ahumada*, 2020 WL 3213397, at *2 (W.D. Va. June 15, 2020) (same); *United States v. Mayo*, 2020 WL 2476167, at *2 (W.D. Va. May 13, 2020) (same); *United States v. Bryant*, 2020 WL 353424, at *3 (E.D.N.Y. Jan. 21, 2020) (same).  For the same reasons set forth in *Asmer*, Solomon has not demonstrated cause to excuse his failure to raise a *Rehaif*-type claim on direct review on either the ground of novelty or futility.  *Asmer*, 2020 WL 6827829, at *5–7.

(ii) Ineffective Assistance of Counsel.

Alternatively, Solomon contends he has demonstrated cause because his counsel's failure to raise a *Rehaif*-type claim on direct review constitutes denial of effective assistance of counsel. ECF No. 66 at 3.  In accord with relevant case law, Solomon and the Government agree the denial of effective assistance of counsel can serve as cause for a procedural default.  *Mikalajunas*, 186 F.3d at 493.  They disagree, however, regarding whether the failure of Solomon's counsel to

anticipate the holding in *Rehaif* by raising a *Rehaif*-type claim on direct review constitutes ineffective assistance of counsel.

The court agrees with the Government. Under *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984), to demonstrate ineffective assistance of counsel, Solomon must show his counsel's performance was objectively deficient and he suffered prejudice resulting therefrom. The court need not reach *Strickland's* prejudice prong because Solomon cannot show his counsel's failure to raise a *Rehaif*-type claim on direct review constitutes objectively deficient performance. As previously noted, at the time of Solomon's guilty plea hearing, controlling *en banc* Fourth Circuit precedent held a defendant's knowledge of his relevant status was not an element of an offense under §§ 922(g)(1) and 924(a)(2). *See Langley*, 62 F.3d at 604–08. In this circumstance, Solomon's counsel would have had to anticipate a change in controlling law in order to have raised a *Rehaif*-type claim on direct review in Solomon's case. Counsel's failure to do so does not constitute deficient performance as the law is well settled counsel does not "fall below *Strickland's* standard of reasonableness by failing to anticipate changes in the law . . . ."[3] *United States v.*

---

[3] The court notes even though a *Rehaif*-type claim prior to *Rehaif* was not novel for purposes of establishing cause, such lack of novelty does not imply the failure of Solomon's counsel to raise a *Rehaif*-type claim on direct review constitutes ineffective assistance of counsel. As the Fourth Circuit has recognized as an "unexceptional proposition . . . , even though a claim may not be novel for purposes of establishing cause, its lack of novelty does not imply that failure to raise the claim constitutes ineffective assistance of counsel." *United States v. Gregory*, 30 F. App'x 55, 57 (4th Cir. 2002). This is so "[b]ecause law is not an exact science, an ordinary, reasonable lawyer may fail to recognize or to raise an issue, even when the issue is available, yet still provide constitutionally effective assistance." *Pelmer v. White*, 877 F.2d 1518, 1523 (11th Cir. 1989). Here, although Solomon's counsel had at his disposal the essential legal tools with which to construct a *Rehaif*-type claim on direct review, his failure to do so in the face of controlling Fourth Circuit precedent to the contrary was not objectively unreasonable. *See Engle v. Isaac*, 456 U.S. Footnote Continued . . .

12

*Morris*, 917 F.3d 818, 823 (4th Cir. 2019); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1360 (4th Cir. 1995) ("[T]he case law is clear that an attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law."). *See, e.g., United States v. Dyess*, 730 F.3d 354, 363 (4th Cir. 2013) (defense counsel's failure to anticipate change in the law under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not constitute deficient performance); *Dell v. United States*, 710 F.3d 1267, 1282 (11th Cir. 2013) ("[I]t generally does not fall below the objective standard of reasonableness for trial counsel to fail to raise a claim in anticipation that undeniably would lose under current law but might succeed based on the outcome of a forthcoming Supreme Court decision.").

Because Solomon has not demonstrated the threshold deficient performance prong of *Strickland's* two-prong ineffective-assistance-of-counsel test, he cannot demonstrate cause to excuse his procedural default on the ground his counsel failed to raise a *Rehaif*-type claim on direct review. *See United States v. Finley*, 805 F. App'x 823, 827 (11th Cir. 2020) (rejecting *Rehaif*-based ineffective assistance of counsel claim because defendant could not demonstrate *Strickland's* deficient performance prong); *Doster v. United States*, 2021 WL 374974, at *3 (W.D.N.C. Feb. 3, 2021) (same). *See also Murray v. Carrier*, 477 U.S. 478, 492 (1986) ("Attorney error short of ineffective assistance of counsel does not constitute cause for a procedural default even when that default occurs on appeal rather than at trial.").

### 3. Solomon Has Not Demonstrated Prejudice.

---

107, 133–34 (1982) (finding claim not novel but stating not "every astute counsel" would have recognized or argued the claim).

Because Solomon failed to demonstrate cause, he cannot avoid the procedural bar to the court considering his *Rehaif* claim on the merits in the instant § 2255 motion unless he can demonstrate his actual innocence. Accordingly, the court need not analyze the prejudice prong of the cause and prejudice analysis. However, for the sake of thoroughness, the court will proceed to consider whether, assuming *arguendo* Solomon demonstrated cause, he can demonstrate prejudice, which requires a showing of actual prejudice. *United States v. Frady*, 456 U.S. 152, 167–68 (1982).

(i) Actual Prejudice is Not Presumed Here.

Relying on the Fourth Circuit's decision in *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), *cert. granted*, 141 S. Ct. 974 (U.S. Jan. 8, 2021) (No. 20-444), Solomon argues he need not establish actual prejudice because of the presumed prejudice inherent in a structural error. 954 F.3d at 206 (holding *Rehaif* error in guilty plea context "is structural error on the ground that fundamental unfairness results when a defendant is convicted of a crime based on a constitutionally invalid guilty plea"). This court rejected this same argument in *Asmer*, relying on the procedural distinction between direct review and collateral review to hold a defendant must demonstrate actual prejudice resulting from *Rehaif* error in a cause and prejudice analysis despite *Gary's* holding, on direct review, that *Rehaif* error is structural error, resulting in presumed prejudice under a plain-error analysis. *Asmer*, 2020 WL 6827829, at *8–10. *See also United States v. Moore,* 2021 WL 302745, at *3 (W.D. Va. Jan. 29, 2021) (same); *United States v. Claytor*, 2021 WL 62272, at *5 (W.D. Va. Jan. 7, 2021) (same); *United States v. Cherry*, 2020 WL 6480921, at *2 n.2 (E.D. Va. Nov. 4, 2020) (same), *appeal filed*, No. 21-6011 (4th Cir. Jan. 5, 2021). For the reasons set forth in *Asmer,* the court rejects Solomon's argument he need not

14

establish he was actually prejudiced by the *Rehaif* error at his guilty plea hearing in order to satisfy the actual prejudice prong of a cause and prejudice analysis.  2020 WL 6827829, at *8–10.

(ii) Solomon Has Not Demonstrated Actual Prejudice.

To show actual prejudice on collateral review, a defendant must "demonstrate that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'"  *Satcher v. Pruett*, 126 F.3d 561, 572 (4th Cir. 1997) (quoting *Murray*, 477 U.S. at 494).  Thus, Solomon must show that, because of the court's *Rehaif* error at his guilty plea hearing, he was actually prejudiced by the denial of an entire judicial proceeding to which he had a right. *Cf. Lee v. United States*, 137 S. Ct. 1958, 1965 (2017) (on § 2255 motion, "when a defendant claims his counsel's deficient performance deprived him of a trial by causing him to accept a plea, the defendant can show prejudice by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial'") (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)); *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004) (when raising a forfeited attack on guilty plea on direct review under plain error standard, defendant can only demonstrate Rule 11 error affected his substantial rights by "show[ing] a reasonable probability that, but for the error [at his plea hearing], he would not have entered the plea").

Solomon makes no attempt to demonstrate the *Rehaif* error worked to his actual and substantial disadvantage.  Indeed, he makes no assertion to the effect, but for the *Rehaif* error, he would not have pled guilty to Count 1 and instead would have insisted on going to trial.  Under

15

this state of affairs, the conclusion is foregone Solomon has failed to meet his burden of establishing actual prejudice on collateral review. [4]

Although the court could correctly end its actual prejudice analysis here, the court notes the undisputed evidence in the *habeas* record powerfully corroborates this conclusion for it ably demonstrates: (1) the Government could have presented a strong case against Solomon on the missing *Rehaif* element for which he had no viable defense; and (2) pleading guilty to Count 1 offered Solomon a better outcome than he most assuredly would have achieved had he gone to trial. The Government's obligation to prove a defendant's knowledge of his felony status is not burdensome, as "knowledge can be inferred from circumstantial evidence." *Rehaif*, 139 S. Ct. at 2198 (quoting *Staples v. United States*, 511 U.S. 600, 615 n.11 (1994)).

From the following evidence, a jury could have easily inferred the missing *Rehaif* element. Moreover, such evidence illustrates Solomon had no viable defense to the missing *Rehaif* element. As noted earlier, Solomon has no less than four South Carolina state court convictions for which he was originally sentenced to terms of imprisonment exceeding one year (*i.e.*, two convictions for three years, one for two years and six months, and one for one year and one day). ECF No. 42 at ¶¶ 19, 22–23, 28. With respect to Solomon's December 2009 conviction for assaulting a police

---

[4] Notably, Solomon does assert he would not have pled guilty to Count 1 and instead would have insisted on going to trial if, prior to entering his guilty plea, the court informed him that his knowledge he could not lawfully possess a firearm or ammunition at the time he possessed the firearm and ammunition as alleged in Count 1 was an element of an offense under §§ 922(g)(1) and 924(a)(2). As previously explained, however, *see supra* at p. 8, a defendant's knowledge his relevant status placed him in a category of persons prohibited from possessing a firearm or ammunition at the time of his alleged unlawful possession of such items **is not** an element of an offense under §§ 922(g) and 924(a)(2). Accordingly, Solomon's assertion as just noted is irrelevant to the court's actual prejudice analysis.

officer while resisting arrest, he actively served nearly two years of his three-year sentence of imprisonment in addition to the credit he received for time served from September 20, 2008. *Id.* at ¶ 23. Just two months prior to Solomon's offense conduct on or about December 9, 2015, Solomon signed the South Carolina Department of Corrections' form acknowledging, *inter alia*, the Gun Control Act of 1968 makes it unlawful for a person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year "to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce," regardless of "how long [the person] actually served if the maximum time [he] could have received was greater than (1)" year. ECF No. 59-2 at 1.

In addition to this evidence, two more facts should not be overlooked in the actual prejudice analysis. First, Solomon admitted in the factual basis for his guilty plea that he had been convicted of a crime punishable by more than one year in prison. ECF No. 58 at 19. Second, by pleading guilty to Count 1, Solomon received a three-level decrease in his total offense level for acceptance of responsibility. Without the decrease, Solomon's advisory sentencing range under the Guidelines would have gone from ninety-two to 115-months imprisonment to 120-months imprisonment. Consequently, had Solomon elected to go to trial on Count 1 and lost, under the best-case scenario, he would have been sentenced to a term of imprisonment two years and four months longer than he received by pleading guilty.

When the overwhelming strength of the case the Government could have presented at trial on the missing *Rehaif* element is considered with the sentencing benefit Solomon would have lost had he not pled guilty, the likelihood Solomon would have chosen to roll the dice at trial had he known about the missing *Rehaif* element prior to his guilty plea is nil. Most importantly, Solomon

17

himself has not asserted he would have made this choice.[5]  Thus, Solomon has not demonstrated

by a preponderance of the evidence he would have rejected the plea and gone to trial had the court

informed him of the missing *Rehaif* element.[6]  In sum, Solomon has not demonstrated he suffered

actual prejudice flowing from the *Rehaif* error in his case.

### III. Conclusion.

For the reasons set forth herein, Solomon is entitled to no relief on his § 2255 motion.

Therefore, the Government's motion for summary judgment is granted in full, and Solomon's §

2255 motion is dismissed with prejudice.  The court also denies as without merit Solomon's motion

for appointment of counsel to assist him in prosecuting his § 2255 Motion.  ECF No. 43.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a
substantial showing of the denial of a constitutional right.

---

[5] This case is easily distinguished from *Lee*, where the defendant satisfied the prejudice prong on his ineffective assistance of counsel claim in a § 2255 motion because, although he had no real defense to the charge of possessing ecstasy with intent to distribute and would have received a lesser prison sentence by accepting a plea rather than going to trial, he had "adequately demonstrated the reasonable probability that he would have rejected the plea had he known that it would lead to mandatory deportation." *Lee*, 137 S. Ct. at 1967.

[6] The court notes Solomon asserts he is actually innocent of Count 1 because he lacked knowledge when he possessed the firearm and ammunition as alleged in the Indictment that he could not lawfully possess a firearm or ammunition.  As previously explained, such knowledge is not an element of an offense under §§ 922(g) and 924(a)(2), and therefore, Solomon's assertion of actual innocence on this basis is without merit.  Notably, however, Solomon does not assert he is actually innocent of Count 1 because he lacked knowledge when he possessed the firearm and ammunition as alleged in the Indictment that he had been convicted of a crime punishable by a term of imprisonment exceeding one year.  Given Solomon's failure to demonstrate cause and prejudice to excuse his procedural default, his failure to assert his actual innocence of the missing *Rehaif* element, and the lack of any viable defense to the missing *Rehaif* element, the court does not specifically address the issue of Solomon's actual innocence of the missing *Rehaif* element.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
March 23, 2021

19